IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

GLEN WILLIAM VIRDEN,                                                                    PLAINTIFF
ADC # 187847

v.                                     4:25CV00207-JM-JTK

FAULKNER COUNTY DETENTION
CENTER UNIT 1, et al.                                                                   DEFENDANTS

# PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition ("Recommendation") has been sent to United States District Judge James M. Moody, Jr. Any party may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objections; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

### I.  Introduction

Glen William Virden ("Plaintiff"), an inmate at the Ouachita River Unit of the Arkansas Division of Correction, was in custody at the Faulkner County, Arkansas, Detention Center at the time he filed this lawsuit. (Doc. No. 1 at 1). Plaintiff sued Defendants Watkins, Harris, Ussery, Matthews, Eason, and Arditi (collectively, "Defendants") in their personal and official capacities alleging violations of his constitutional rights. (Doc. No. 6).

Defendants filed a Motion for Summary Judgment on the issue of exhaustion, Brief in Support, and Statement of Facts. (Doc. Nos. 23-25). On October 24, 2025, the Court directed

Plaintiff to respond to Defendants' Motion within thirty (30) days, or by November 24, 2025. (Doc. No. 34). The Court advised Plaintiff that failure to comply with the Order would result in all of the facts set forth in Defendants' summary judgment papers being deemed admitted, or the dismissal of the action without prejudice for failure to prosecute. (Id.) To date, Plaintiff has not filed a response.

After careful consideration of the record before me and for the reasons explained below, I recommend Defendants' Motion be granted.

## II.  Plaintiff's Claims

Plaintiff complains that while at the Faulkner County Detention Center, he was not able to shave. (Doc. No. 6 at 5). Instead, Plaintiff was given "Magic Shave," a hair removal cream. (Id.). Magic Shave's packaging described the product as "specially formulated for black men." (Id.). Plaintiff is white. (Id. at 5-6). Plaintiff says after he used Magic Shave his skin was burned "to the point of blisters and prolonged pain." (Id. at 5). Plaintiff says forcing him to use a hair-removal cream formulated for black men was a violation of his equal protection rights. (Id. at 5-6). Plaintiff also says he was denied medical care after Magic Shave burned his face. (Doc. No. 6 at 5-6).

## III.  Summary Judgment Standard

Pursuant to FED. R. CIV. P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Webb v. Lawrence County, 144

F.3d 1131, 1134 (8th Cir. 1998) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted)). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'" Id. at 1135. Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

In addition, "[a]ll material facts set forth in the statement (of undisputed material facts) filed by the moving party...shall be deemed admitted unless controverted by the statement filed by the non-moving party . . . ." Local Rule 56.1, Rules of the United States District Court for the Eastern and Western Districts of Arkansas. Failure to properly support or address the moving party's assertion of fact can result in the fact considered as undisputed for purposes of the motion. FED. R. CIV. P. 56(e).

**IV.    Analysis**

Defendants argue that Plaintiff failed to exhaust his claims against them. (Doc. Nos. 23-25).

According to the Prison Litigation Reform Act ("PLRA"),

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). The courts have interpreted this provision as a mandatory requirement that administrative remedies be exhausted prior to the filing of a lawsuit. In Booth v. Churner, the United States Supreme Court held that in enacting the PLRA, "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." 532 U.S. 731,

3

741 (2001). In addition, the United States Court of Appeals for the Eighth Circuit held in <u>Chelette v. Harris</u>, "[t]he statute's requirements are clear: If administrative remedies are available, the prisoner must exhaust them. Chelette failed to do so, and so his complaint must be dismissed, for 'we are not free to engraft upon the statute an exception that Congress did not place there.'" 229 F.3d 684, 688 (8th Cir. 2000) (quoting <u>Castano v. Nebraska Dep't of Corrections</u>, 201 F.3d 1023, 1025 (8th Cir. 2000)). In <u>Johnson v. Jones</u>, the Court held that "[u]nder the plain language of section 1997e(a), an inmate must exhaust administrative remedies *before* filing suit in federal court....If exhaustion was not completed at the time of filing, dismissal is mandatory." 340 F.3d 624, 627 (8th Cir. 2003) (emphasis in original). Finally, in <u>Jones v. Bock</u>, the United States Supreme Court held that while the PLRA itself does not require that all defendants be specifically named in an administrative grievance, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." 549 U.S. 199, 218 (2007).

\* \* \*

The Court notes again that Plaintiff has not filed a response to Defendants' Motion. He has not controverted any material fact set forth by Defendants in their statement of undisputed material facts. Accordingly, all material facts submitted by Defendants (Doc. No. 25) are deemed admitted. Local Rule 56.1(c); FED. R. CIV. P. 56(e).

At the time of the incidents giving rise to this lawsuit, the Faulkner County Detention Center had in place a grievance procedure. (Doc. No. 25 at ¶ 6; Doc. No. 25-1 at ¶ 5; Doc. No. 25-4). Pursuant to the grievance policy, inmates may present written grievances without punishment. (Doc. No. 25-4 at 1). Before filing a grievance, inmates must first attempt to resolve the issue verbally through the unit officer. (<u>Id</u>.). If the issue cannot be resolved, inmates may file a grievance on the kiosk, though grievances may be submitted on paper if the kiosk is not

available. (Id.). Grievances must be filed within 15 days of the incident giving rise to the inmate's complaint. (Id.). A grievance may address only one issue, must describe the issue in detail, and must describe the corrective action sought. (Id. at 2).

Grievances generally are answered within 10 days, though emergency grievances are addressed sooner; an extension in the time needed to investigate a non-emergent grievance may be needed. (Id.). A grievance officer will communicate any extended delay to the inmate. (Doc. No. 25-4 at 2). An inmate may appeal an answer to a grievance; the appeal must be filed within ten working days from the detainee's receipt of the answer. (Id. at 3). The jail lieutenant must respond to the appeal within five working days. (Id.). An inmate may also appeal the lack of a response to a grievance submitted. (Id.). Responses to appeals are available on the kiosk. (Id.).

In support of their Motion, Defendants presented the Affidavit of Chad Wooley, Chief Deputy and acting Detention Center Administrator and custodian of Detention Center records. (Doc. No. 25-1 at ¶¶ 1-2). According to Mr. Wooley, Plaintiff did not submit any grievance related to Plaintiff's claims raised in this lawsuit. (Id. at ¶ 7). Mr. Wooley attached to his Affidavit copies of the grievances that Plaintiff filed. (Doc. No. 25-1 at ¶ 5; Doc. No. 25-3). The Court reviewed Plaintiff's grievances and agrees that Plaintiff did not complain about the issues in this lawsuit in any grievance filed. Plaintiff did file a medical request complaining that he used Magic Shave and his face burns. (Doc. No. 25-3 at 29). But a medical request is not a grievance. (Doc. No. 25-5). Plaintiff did not exhaust his administrative remedies.

Plaintiff did not meet proof with proof to establish facts in dispute that would preclude summary judgment in Defendants' favor. Wilson v. Miller, 821 F.3d 963, 970 (8th Cir. 2016) (allegations must be substantiated with sufficient probative evidence); Bolderson v. City of

Wentzville, Missouri, 840 F.3d 982, 986-87 (8th Cir. 2016) (noting plaintiff's duty to meet proof with proof in affirming summary judgment in defendant's favor). Accordingly, the Court recommends Defendants' Motion for Summary Judgment be granted and Plaintiff's claims against Defendants be dismissed without prejudice.

The Court notes that the Faulkner County Detention Center Unit 1 remains on the docket as a Defendant. Plaintiff named the Detention Center as a Defendant in his Complaint. (Doc. No. 1). But Plaintiff did not name the Detention Center as a Defendant in his Amended Complaint. (Doc. No. 6). Consequently, there are no pending claims against the Detention Center. Home Health, Inc. v. Prudential Ins. Co. of America, 101 F.3d 600, 603 (8th Cir. 1996) ("An amended complaint 'ordinarily supersedes the original and renders it of no legal effect.'").

### V. Conclusion

IT IS, THEREFORE, RECOMMENDED that:

1. The Detention Center be TERMINATED as a party to this action;

2. Defendants' Motion for Summary Judgment on the issue of exhaustion (Doc. No. 23) be GRANTED;

3. Plaintiff's claims against Defendants be DISMISSED without prejudice for failure to exhaust administrative remedies;

4. Plaintiff's Complaint, as amended (Doc. No. 6) be DISMISSED; and

5. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order and the related Judgment would not be taken in good faith.

Dated this 9th day of December, 2025.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE